UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

KODY SCHWEICKHARDT, )
)
Plaintiff, ) No. 4:16-CV-1623 RLW
)
v. )
)
CAPITAL ONE BANK (USA) N.A., )
)
Defendant. )

## MEMORANDUM AND ORDER

This matter is before the court on Defendant's Motion to Dismiss (ECF No. 8). Defendant Capital One Bank (USA), N.A. ("Capital One") filed this Motion to Dismiss on November 22, 2016. Plaintiff Kody Schweickhardt ("Schweickhardt") did not file a response. On February 2, 2017, this Court issued an Order, giving Schweickhardt until February 17, 2017 to file a response to Defendant's Motion to Dismiss or the Court would rule on Defendant's unopposed Motion to Dismiss. (ECF No. 10). To date, Schweickhardt has not responded to Defendant's Motion to Dismiss. Therefore, the Court rules on Defendant's unopposed Motion to Dismiss.

## BACKGROUND[1]

On September 15, 2016, Schweickhardt filed a Small Claims Complaint ("Complaint") against Capital One, asserting claims for violations of the Fair Credit Reporting Act ("FCRA"),

---

[1] In deciding a motion to dismiss under Rule 12(b)(6), a court assumes all facts in the complaint to be true and construes all reasonable inferences most favorably to the complainant. *U.S. ex rel. Raynor v. Nat'l Rural Utilities Co-op. Fin., Corp.*, 690 F.3d 951, 955 (8th Cir. 2012); *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008).

15 U.S.C. §§1681, *et seq.*, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§1692, *et seq.* (ECF No. 1-1 at 1). Schweickhardt also appears to assert a claim for specific performance, requesting a letter from Capital One that promises removal of all of Plaintiff's information from all 3 credit reporting agencies within 7 days. (ECF No. 1-1 at 1). Schweickhardt did not provide any factual allegations in his Complaint, but attached a number of documents to his Complaint. ((ECF No. 1-1; ECF No. 5-1). These documents include Schweickhardt's monthly statements for his credit cards with an outstanding balance of $5,378.81. Schweickhardt then appears to have stopped making payments, and his balance grew to $6,088.94 in March 2016, and his account was charged-off. The documents also incorporate correspondence between Schweickhardt and Capital One, wherein Schweickhardt claims that he deemed the "validation" of the debt provided by Capital One to be insufficient.

## DISCUSSION

### I. Standard of Review

To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atlantic Corp., v. Twombly,* 550 U.S 544, 570 (2007). A "formulaic recitation of the elements of a cause of action" will not suffice. *Twombly*, 550 U.S. at 555. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 556).

### II. Discussion

**A. Violation of the Fair Credit Reporting Act**

Capital One claims that Schweickhardt's claim for violation of the FCRA should be dismissed. Capital One adduces from Schweickhardt's filings that his FCRA claim is based upon his allegation that Capital One failed to report to the credit reporting agencies that his credit card debt was in "dispute." (ECF No. 9 at 3). Schweickhardt seems to allege that this failure violated Section 1681s-2(a)(3). (ECF No. 9 at 3). Section 1681s-2(a)(3) provides that "[i]f the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed to such person by a consumer, the person may not furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer." 15 U.S.C. §1681s-2(a)(3). Capital One argues that this Court should dismiss Schweickhardt's FCRA claim because no private cause of action exists for the FCRA violation asserted. *See* 15 U.S.C. §1681s-2(c), (d).

The Court dismisses Schweickhardt's FCRA claim. Section 1681s-2(c) exempts section 1681s-2(a) from private civil liability. Likewise, section 1681s-2(d) provides that only Federal agencies and certain State officials can enforce section 1681s-2(a). Since no private liability can be maintained against Capital One for Schweickhardt's FCRA claim, the Court dismisses Schweickhardt's FCRA claim with prejudice.

### B. Violation of the Fair Debt Collection Practice Act

Schweickhardt appears to be alleging a claim under the FDCPA for unspecified "violations." Capital One asserts that Schweickhardt's FDCPA claims should be dismissed because the FDCPA applies only to "debt collectors," not "creditors." (ECF No. 9 at 3-4). Capital One states that Schweickhardt has not alleged that Capital One is a "debt collector" subject to the regulations of the FDCPA.

Under the FDCPA, a "debt collector" is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. §1692a(6). In turn, "[t]he term 'creditor' means any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another." 15 U.S.C. §1692a(4). The Court agrees that Schweickhardt has not alleged in his Complaint that Capital One is a debt collector. Rather, the relevant credit card statements indicate that Capital One is a creditor who extended credit to Schweickhardt. *See Baker v. Capital One Bank (USA), N.A.*, No. 1:12-CV-971-SEB-DKL, 2012 WL 5930094, at *2 (S.D. Ind. Nov. 26, 2012) (dismissing plaintiff's FDCPA claim because "Capital One is Baker's creditor, rather than a debt collector seeking to collect on another creditor's behalf"). Because Capital One, as a creditor, is not subject to the FDCPA, the Court dismisses Schweickhardt's FDCPA claim with prejudice.

### C. Specific Performance

Finally, Capital One seeks to dismiss Schweickhardt's claim for specific performance because specific performance is not a stand-alone cause of action. (ECF No. 9 at 4-5).

The Court agrees that specific performance is not a stand-alone cause of action, but a remedy. *Estate of Lane v. CMG Mortg., Inc.*, No. CIV. 14-3277 JRT/LIB, 2015 WL 2195176, at *7 (D. Minn. May 11, 2015) (citing *Int'l Fid. Ins. Co. v. Mahogany, Inc.*, No. 11–1708, 2011 WL 3055251, at *2 (D. Md. June 25, 2011)) (the Court finds that "injunction/injunctive relief" is an independent cause of action and dismisses that claim); *Invensys Inc. v. Am. Mfg. Corp.*, No. 04–3744, 2005 WL 600297, at *9 (E.D.Pa. Mar. 15, 2005) ("As specific performance is not itself a

claim, but rather an equitable remedy available to a party who was damaged by another's breach of contract and has no adequate remedy at law, Plaintiff's claim for specific performance must be dismissed...."). Because Schweickhardt has not alleged a claim for breach of contract and specific performance is not an independent cause of action, the Court dismisses Schweickhardt's specific performance claim with prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (ECF No. 8) is **GRANTED**.

An appropriate Judgment is filed herewith.

Dated this 25th day of April, 2017.

_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**